NO. 3052


OFFICE OF THE ATTORNEY GENERAL


May 23, 1939


Honorable Julian Montgomery
State Highway Department
Austin, Texas

Dear Sir:

> Opinion No. O-628
> Re: Are fees collected by
> county tax collectors
> for issuance of dupli-
> cate license receipts
> under Section 12a of
> Article 6675a, Vernon's
> Annotated Statutes, to
> be retained as fees of
> office?

We are in receipt of your letter of April 10th, in which you request an opinion as to whether the fees collected by county tax collectors for the issuance of duplicate license receipts under Section 12a of Article 6675a, Vernon's Annotated Civil Statutes, may be retained by them as a part of their fees of office or must be remitted to the State Highway Department.

Section 12a of Article 6675a, supra, provides as follows:

> "The owner of a vehicle, the li-
> cense receipt for which has been lost,
> or destroyed, may obtain a duplicate
> thereof, by filing with the State High-
> way Department or the County Collector
> who issued the original receipt an af-
> fidavit that it has been lost or de-
> stroyed and by paying a fee of twenty-
> five cents for said duplicate. (Acts
> 1929, Forty-first Legislature, Second
> Called Session, p. 172, ch. 88, Section
> 12.)"

It will be noted that the above section of it-self contains no provision as to what ultimate disposition shall be made of the twenty-five cent fee after it has been collected by the State Highway Department or the county collector. This must be ascertained from the lan-guage of Article 6675a as a whole.

Section 11 of Article 6675a deals with "fees of Tax Collector", as follows:

> "As compensation for his services
> under the provisions of this and other
> laws relating to the registration of ve-
> hicles and chauffeurs and the transfer
> of vehicles, each County Tax Collector
> shall receive a uniform fee of fifty
> cents for each of the first one thousand

receipts issued by him each year pursuant
to said laws; he shall receive a uniform
fee of forty cents for each of the next
nine thousand receipts so issued, a uni-
form fee of thirty cents for each of the
next fifteen thousand so issued and a
uniform fee of twenty cents for each of
the balance of said receipts so issued.
Said compensation shall be deducted week-
ly by each County Tax Collector from the
gross collections made pursuant to this
Act (Article 6675a-1 to 6675a-14; P. C.
Article 807a) and other laws relating to
the registration of vehicles and chauf-
feurs and the transfer of vehicles. Out
of compensation so allowed County Tax
Collectors, it is hereby expressly pro-
vided and required that they shall pay
the entire expense of issuing all li-
cense receipts and number plates and
chauffeurs badges issued pursuant hereto,,
including the cost of labor performed in
issuing said receipts, number plates and
badges and the cost of postage used in
mailing same to applicants."

Two provisions of the above quoted section are
especially pertinent for the purpose of answering the
question at hand:

(1) "As compensation for his ser-
vices under the provisions of this and
other laws relating to the registration
of vehicles and chauffeurs and the trans-
fer of vehicles, each County Tax Collec-
tor shall receive a uniform fee, etc."

(2) "Said compensation shall be de-
ducted weekly by each County Tax Collec-
tor from the gross collections made pur-
suant to this Act (Art. 6675a-1 to 6675-
14; P. C. Art. 807a) and other laws relat-
ing to the registration of vehicles and
chauffeurs and the transfer of vehicles."

The fact that this section expressly stipulates
definite fees as compensation for the services of County
Tax Collectors under all laws relating to the registration
of vehicles and chauffeurs, and that such compensation
shall be deducted from the gross collections made under these
same laws, leads to the inevitable conclusion that this section
was exclusive as to the fees of a tax collector in the absence
of express provision to the contrary and that after he had col-
lected his prescribed compensation from the "gross collections"
weekly he was to dispose of the balance in accordance with Sec-
tion 10 of the Act.

Section 10 of Article 6675a provides for an ap-
portionment of net funds collected under the provisions of
the Act between the County Road and Bridge Fund and the
State Highway Department. It reads as follows:

"On Monday of each week each County
Tax Collector shall deposit in the County
Depository of his county to the credit of
the County Road and Bridge Fund an amount

equal to one hundred (100%) per cent of
net collections made hereunder during
the preceding week until the amount
so deposited for the current calendar
year shall have reached a total sum
of Fifty Thousand ($50,000) Dollars.

"Thereafter, and until the amount
so deposited for the year shall have
reached a total of One Hundred Seventy-
five Thousand ($175,000) Dollars he
shall deposit to the credit of said
Fund on Monday of each week an amount
equal to fifty (50%) per cent of collec-
tions made hereunder during the preced-
ing week.

"Thereafter, he shall make no fur-
ther deposits to the credit of said Fund
during that calendar year. All collec-
tions made during any week under the pro-
visions of this Act (Arts. 6675a-1 to
6675a-14; P. C. Art. 870a) in excess of
the amounts required to be deposited to
the credit of the Road and Bridge Fund
of his county shall be remitted by each
County Tax Collector on each Monday of
the succeeding week to the State High-
way Department together with carbon
copies of each license receipt issued
hereunder during the preceding week.
He shall also on Monday of each week
remit to the Department as now provid-
ed by law, all transfer fees and chauf-
feurs' license fees collected by him
during the preceding week, together with
carbon copies of all receipts issued for
said fees during the week.

"He shall also accompany all remit-
tances to the Highway Department with a
complete report of such collections made
and disposition made thereof, the form
and contents of said report to be pre-
scribed by the State Highway Department.
None of the monies so placed to the cred-
it of the Road and Bridge Fund of a county
shall be used to pay the salary or compen-
sation of any County Judge or County Com-
missioner, but all said monies shall be
used for the construction and maintenance
of lateral roads in such county under the
supervision of the County Engineer, if
there be one, and if there is no such
engineer, then the County Commissioners'
Court shall have authority to command
the services of the Division Engineer
of the State Highway Department for the
purpose of supervising the construction
and surveying of lateral roads in their
respective counties. All funds allocated
to the counties by the provisions of this
Act (Arts. 6675a-1 to 6675a-14; P. C. Art.
807a) may be used by the counties in the

payment of obligations, if any, issued
and incurred in the construction or the
improvement of all roads, including State
highways of such counties and districts
therein; or the improvement of the
roads comprising the county road system.
(Acts 1929, 41st Leg., 2nd C. S., p. 172,
ch. 88, Sec. 10)."

The language of Article 6675a especially in Sec-
tions 2 and 4 designates the County Tax Collector agent of
the State Highway Department for collection of all fees
collectable pursuant to the Act.

Section 2 deals with registration:

"Every owner of a motor vehicle
trailer or semi-trailer used or to be
used upon the public highways of this
State, and each chauffeur shall apply
each year to the State Highway Depart-
ment through the County Tax Collector
of the County in which he resides for
the registration of each such vehicle
owned or controlled by him, or for a
chauffeur's license, for the ensuing
or current year or unexpired portion
thereof; etc....."

Section 4 governs "registration dates":

"Each application filed hereunder
for registration or for chauffeur's li-
cense during April shall be accompanied
by the full amount of the annual fee if
the vehicle was operated on the public
highways or streets during any part of
April of that year, etc."

In Cooley on Taxation, Vol. 4, 4th Edition, p.
3562, it is stated:

"A county collects certain taxes
as the representative of hhe state and
also sometimes as the representative
and for the purpose of a city or town
or other tax district within its bor-
ders, and other tax districts some-
times collect taxes for a greater or
lesser tax district. A statute may re-
quire counties or other tax districts
to collect taxes for the state, in which
case the county or other tax districts
act as the agent of the state in the
collection of such taxes as belong to
the state." (Underscoring ours).

As an agent of the state, the compensation of
the County Tax Collector will be limited strictly to the
statutory fees prescribed, and such compensation will not
be enlarged unless by express legislative grant. It is
an elementary law of agency that if there is a special
agreement fixing the amount of compensation to which the
agent is entitled he cannot, of course, recover any amount

in excess of that stipulated.

> 2 Tex. Jur., p. 610
> 2 C. J., 782

Sections 2, 4, 10 and 11, when construed together, not to mention other sections of Article 6675a, clearly indicate that the purpose of the general law was to raise moneys for state and county highway and bridge construction; to apportion the revenues between the State Highway Department and the County Road and Bridge Fund; and to provide compensation for the County Tax Collector as agent of the Highway Department, from which compensation necessary expenses could be paid.

A consideration of the caption of H. B. No. 6, chapter 88, Acts 1929, Forty-first Legislature, Second Called Session, p. 172, substantiates this construction We quote it in part:

> "An Act providing for the construction maintenance, regulation, and supervision of the public highways of this State, by providing revenue therefor, by regulating, supervising, and licensing of motor vehicles used on same, and the payment of license fees on such motor vehicles, and the distribution and apportionment of such license fees; regulating the duties and compensation of Tax Collectors in connection with the collection of said license fees....; providing for the appropriation and use of the revenues collected hereunder...."

Section 10 relating to apportionment of funds, Section 11 relating to the fees of Tax Collector and Section 12a relating to duplicate license receipts, of Article 6675a, all stand as originally enacted by the Forty-first Legislature, Second Called Session, Acts 1929, Chapter 88, p. 172, H. B. no. 6.

Construing the sections together, we reach the opinion that it was the intention of the Legislature that all revenues raised in the Act in the form of fees were to go into the gross collections fund for weekly apportionment after the deduction of the fees allocated to the County Tax Collector "as compensation for his services"; and that all net funds (gross funds minus Tax Collector's fees) raised pursuant to the statutes which were not specifically apportioned to the County Road and Bridge Fund under Section 10 of the Act be remitted to the State Highway Department.

The amount of the County Tax Collector is to receive is plainly stipulated in Section 11. It is a definite, certain, easily determined amount, deductible weekly from the gross collections made pursuant to the Act.

Section 12a dealing with duplicate license receipts provides for payment of a fee of twenty-five cents for the duplicate to the State Highway Department or the County Collector. The duplicate license fees paid to the

County Tax Collector, become a part of the gross collections fund unless it can be definitely shown that they are to be paid to the County Tax Collector as additional compensation to that received by him under Section 11.

But it has been revealed that under Section 11 the fees of a Tax Collector are expressly defined and are to be deducted from the gross collections under the Act.

It is our opinion that all fees collected by the County Tax Collector under Article 6675a are payable to the common gross collections fund to be apportioned weekly under Section 10, and that fees collected by the County Tax Collector for the issuance of duplicate license receipts are included. The duplicate license receipt fees are not to be retained by him in the absence of specific statutory authorization especially since the amount of his fees is limited by Section 11. The statutory fees provided for the Tax Collector under Section 11, however, are deductible weekly from the common gross collections fund.

The case of Bowie County v. McDuffie, et al, (1937) 103 S. W. (2) 1062, is authority for our contention that the County Tax Collector does not retain the twenty-five cent fee in the present instance.

In this case it was held that the county was not entitled to any portion of a registration fee of three dollars payable to a County Tax Collector or any motor vehicle being driven under its own power, towed, or transported by being attached or coupled to some other vehicle from or through this State over its highways for the purpose of sale, resale or trade in another state, etc.

Bowie County sued its Tax Collector, the Highway Commission of Texas, and the State Highway Engineer to enforce payment of it of fifty (50%) per cent, less fees of collecting the three dollar registration convoy fee for the years 1935 and 1936, under Article 827b, Section 2, Vernon's Annotated Penal Code.

Bowie County contended that the 1935 registration convoy fee act should be construed in pari materia with Article 6675a, and that the fund raised from the three dollar registration fees should be apportioned between the county and the State Highway Department in accordance with Section 10 of Article 6675a.

The court said it did not agree with the county's contention and then made this significant observation:

> "Section 10 of the Acts of 1929, Chapter 88 (Vernon's Annotated Statutes, Article 6675a-10) has specific relation to the division of fees authorized to be collected by that Act, between the several counties and the state, and does not affect another specific registration tax levied under the Act of 1935."

Then the court held that the fees levied under the Act of 1935 were not apportionable to the county. Therefore, they were payable to the State.

"The presumption is that all taxes collected under general law not apportioned are payable to the state. Only such taxes as are specifically apportioned to the several counties can be legally paid to them."

Although it was held the Act of 1935 was not in pari materia with Section 10 of Article 6675a, still Sections 10, 11 and 12a are all parts of the same statute enacted at the same time for the same purpose. One spirit and one policy is controlling. Under Article 6675a the gross funds collectable are subject to the weekly deduction of the fees of the Tax Collector as prescribed in Section 10, and thereafter to apportionment between the County Road and Bridge Fund and the Highway Department in accordance with the provisions of Section 10.

The twenty-five cent fees collectable under Section 12a for duplicate license receipts are a part of the gross collections under the Act. They do not go to the County Tax Collector as fees. The Act, in Section 11, specifically defines his fees. Nor do they go direct to the Highway Department. The Highway Department only gets the balance of the net collections after the County Road and Bridge Fund has been provided for under Section 10.

Therefore, in answer to your question, it is our holding that a proper construction of Article 6675a forbids retention of the duplicate license receipt fees provided in Section 12a by the County Tax Collector and also denies separate payment by him of these fees directly to the Highway Department, but provides for their payment in to the gross collections fund with all other fees collected under the Act. The twenty-five cent fees collected by the State Highway Department directly are retained by it in the absence of any provision that it pay fees collected into the gross collections fund, whereas the same fees collected by the County Tax Collector are co-mingled with other fees and come to the Highway Department through apportionment under Section 10.

This opinion has the effect of overruling the former opinion on this matter by Assistant Attorney General R. E. Gray, dated November 23, 1938, and addressed to the Honorable Cecil C. Rotsch, at that time Assistant Criminal District Attorney, Fort Worth, Texas.

Trusting that the above fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Dick Stout
Assistant

DS:FG

This opinion has been considered in conference, approved, and ordered recorded.

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS